This morning is No. 05-3139, Lakey-Scott v. Department of Justice. Mr. Brewer. May I please record? Petitioner seeks restoration of the pay and benefits lost when she was suspended under conditions that we feel were contrary to law, not supported by the evidence, and smack of conduct which was arbitrary and capricious. In essence, Your Honor, she was suspended because she was under investigation for that and that alone. And the Merit System Protection Board cases and cases from this court uniformly hold that that's not, by itself, is not sufficient basis for an adverse action, a suspension. And if you look at the facts, it never got beyond accusation. There have never in the history of this proceeding ever been any allegations concerning petitioner's conduct itself. She was suspended because a search warrant was executed on her office and her home, seeking evidence of money laundering. And I say a search warrant because the government, the agency, made much of the fact that there were warrants. They clasped, they imposed an artificial aura about what really happened. It was one warrant for two locations. Did I hear you say that we've never upheld or the board has never upheld an indefinite suspension when someone has been under investigation? Based solely on investigation, Your Honor. There are a number of cases where there are other facts. For example, Martin, where the investigation was ongoing, but there was reasonable basis, there were facts that showed reasonable basis to believe that Mr. Martin had committed a crime for which punishment was a likely result. And what about the Jones case? Isn't there a case called Jones versus the Department of Navy in which they upheld an indefinite suspension? Jones, Your Honor, that Jones. The government, I think, cited. Pardon my hesitancy. There are two Jones, and I get them mixed up. Okay. I'm sorry. There's Jones versus the government printing office also. This is when somebody was under investigation with regard to possession of cocaine and a security clearance issue? No? You know? Your Honor, the suspension was based on the fact that Mr. Jones could not do, and his co-employees who were also suspended, could not do their job. They were denied security clearance because of the accusation. It did not go to conduct itself. They couldn't do their job because they were denied security clearance. It was jerked. And that's a different situation. There's no allegation of conduct by petitioner. Just the fact that her office and her home were searched, and at a later point in time, after much, much later, an assistant U.S. attorney from the Southern District of California wrote to the executive office for U.S. attorneys stating that they were now looking at other allegations. And I invite the court's attention to the joint appendix. The letter of September 25th sent by the assistant never mentions conduct. It only talks about allegations. It only talks about investigation. And the summary language is most interesting. He says, I'm working with, or we are working with agents of the Internal Revenue Service, the inspector general, to determine whether this matter is going further. It never got beyond allegation, suspicion, innuendo, and unwarranted conclusion, not a legal basis for suspension. Even if the court were to not accept or go along with the idea that, or were to change the idea that a suspension could be imposed solely because of investigation, the government did not meet, the agency did not meet the standard of proof that's required by statute. As this court held most recently, I believe, in the James v. Dale case, there are three steps that an agency must do to defend a suspension. First, they've got to prove by a preponderance of the evidence that the conduct occurred, the conduct complained of. There's no conduct here. There never has been even an iota, not even an assertion of conduct by petitioner. The suspension letter, the proposal said you were being suspended because you were under criminal investigation. The decision letter said, I find by a preponderance of the evidence that you are under investigation. So you're saying that the only way you can uphold an interim suspension is if you ultimately end up prosecuting and proving the case against the charged employee? Not at all, Your Honor. The only way you can suspend an employee is if you are a criminal. Now, no matter what the charge is, you have to prove conduct. When it's a criminal matter, this court has held and the board has approved the standard. That is, the agency has to have a reasonable basis for thinking that the employee committed the conduct, which translates, as Jones v. The Government Printing Office points out, it translates to probable cause. It does not need to be a completed investigation. Charges need not be filed. And, obviously, the person need not be convicted. The suspension will stand if the agency had a reasonable basis for believing that the employee committed the conduct. Why wasn't the basis reasonable here? Because there's no facts, Your Honor. There are absolutely no facts. They puffed them up. They blew them up. Now, we are bound by the facts as found by the board. That's correct. The board found there was a reasonable cause to believe that there had been criminal behavior, which led to... Frankly, they had to have that to get the warrant in the first place, didn't they? So, already, you've got some kind of a judicial imprimatur on this whole process. Ah, it only smacks of that, Your Honor. They had to have probable... Only smacks of that. To get a warrant... We've got findings of fact by a board. We've got a judge who issued a probable cause warrant, and you're saying it only smacks of it. Yes, Your Honor, because a warrant is not proof of a crime. What's the basis for a warrant? Probable cause to believe that... And you just told us probable cause is the same thing as reasonable cause to believe that they've committed an offense. But it's a different probable cause, Your Honor. A search warrant is an action in real. We're looking for contraband, evidence of a crime, or the instrumentality of a crime at a location, and the only thing you have to prove to a magistrate to get a search warrant is that there is probable cause to believe that the stuff, whatever it is, the evidence, is in the location that you want to search. Any criminal charge, as it were, or taint, is by inference only. It's because you happen to live there, or it happens to be your office, in this case. It doesn't show. The petitioner could have been the holder of evidence that somebody else gave. The mere fact that a warrant was issued doesn't establish her conduct. It only establishes that a federal magistrate believed that there was some reason to search her house and her office. When she was returned to work, was she returned to the same position? Absolutely. And I point out, Your Honor, as part of our editorial comment on this, the agency didn't inform the board that they had done so. She informed the board. This whole proceeding, from start to finish, has a thread of, I'll leave it to the court to characterize it, but it's either extreme naivete or malicious conduct. Mr. Brewer, I think the statute says if you're going to suspend them without 30 days' notice, you go through the three steps, right? She got 30 days' notice. How does that affect things? It didn't do her any good, Your Honor, because it was a tautology. She couldn't disprove it. But she got 30 days' notice under the standard. That's correct, Your Honor. And it's a denial of due process because she could not prove that she was not under investigation. She was hopeful. In that regard, she provided the board, and she provided the agency, with very detailed and specific information negating the allegations. The allegations in the letter of September 25th were money laundering, bank fraud, and tax evasion. She provided answers. And in that vein, Your Honor. Did you present a due process argument to the administrative law judge? Your Honor, this case comes before the court. The petitioner handled this matter pro se in all proceedings until now. The answer is no, I did not. No, I did not. Thank you. No, I wasn't involved, unfortunately. As a follow-up to Judge Rader's question, leaving aside the due process, isn't the government correct that they don't have to prove this case under the reasonable cause criminal provision, having given the 30 days, all they have to prove is that it was necessary to promote the efficiency of the service, correct? That's not what the law says, Your Honor, with all due respect. It says, and we go back to James versus David, proof of conduct. What does the conduct complain of? And there's no proof of conduct. But you're saying they have to prove they didn't fire her because she had engaged in criminal activity. They suspended her for the purpose of investigating the allegations, correct? So what is it that they would have to prove? They don't have to prove that she engaged in the criminal conduct. That wasn't something she had been charged with, correct? They had to prove that there was a reasonable basis for believing. Either that, Your Honor, or there's a higher standard. The agency is, as I see it, in a conundrum here, a dilemma. If they go to the 30 days, they have to prove by a preponderance of the evidence conduct, which is a higher standard than proving by a preponderance of the evidence that they had a reasonable basis, which is only probable. But when you say they have to prove conduct for an indefinite suspension, what conduct are you suggesting they would have to prove, what, that she engaged in the criminal conduct? Yes, Your Honor, that there was evidence against her. They don't have to prove the crime. Right. But they have to prove probable cause. The probable cause that they proved is Judge Rader referenced to the judge in order to get the warrant. No. Probable cause for a warrant is a world difference. Probable cause for a warrant is only probable cause to think that contraband or evidence is not true. Or that a crime has been committed. No. Not so, Your Honor. Not that a crime has been committed. It's an in rem action. It's an in rem action. It is to go to a place to search. And there's reason to think that contraband or evidence is in that place. Any involvement of petitioner or anybody is by inference only. It is not an accusation. Search warrants are ways in which we investigate crimes. This was only an investigation. And I point out that there's reason to think at the time this suspension occurred that they found nothing because they backed away from money laundering. If you read the proposed suspension, the nexus that the agency proposed had to do with bank fraud. They bagged on money laundering. That was many, many days after the warrant had been executed. They could have had time to discover evidence. They could have had time to charge her with or to at least allege conduct. What was the time period? How long was the indefinite suspension in total before she got reinstated? She was suspended, Your Honor, as of November 14th. And she was placed back in work as of November 14th, 2003. She was told to return to work by a letter from her supervisor on July 31st, 2004. So it's about eight months. It was a long time. Let's hear from the other side. Mr. Austin. May it please the Court, the agency followed all applicable procedural due process guidelines or regulations when it effectuated the indefinite suspension of Ms. Lately Scott. That's not at issue, is it? It was just whether there should be retroactive pay is the only question, is it not? Correct, Your Honor. But the law of this circuit is that if the suspension itself is proper, then the individual, and if they're returned to work, the individual is not necessarily entitled to any back pay. It's within the discretion of the agency. In this case, the agency decided that the action that it took in effectuating her indefinite suspension was proper. Therefore, she was not entitled to back pay for that situation. Mr. Austin, what if hypothetically the government agency were to indefinitely suspend an employee for purposes of investigation, and then at the end of the day when the investigation is completed, there's no dispute. They write a letter to the employee apologizing and saying, we've concluded that there was really, we haven't found anything, and we really dealt whether or not there was a basis for starting this in the first place, because we've really found nothing. You're completely vindicated. Under that circumstance, would the agency have to reimburse or compensate the employee for the suspension? Your Honor, based upon your hypothetical, which is not this case, but based upon your hypothetical, it would depend on the examination of the phrase, we found that there was no evidence to start with. That, we would have to investigate what does that mean. In this case, the facts are not in dispute. She was under investigation. There was an executed search warrant. An assistant United States attorney referenced that they expanded the investigation to include bank fraud and allegations of tax fraud. So, those aren't in dispute. So, at that point, the decision maker has to say, we have an individual who is a voucher examiner. She's responsible for dispersing, collecting, and transferring funds. Can we have such an individual in place working while she's under investigation for crimes dealing with financial impropriety? But she was returned to the same job, which suggests that it wasn't perhaps as heavily weighted an investigation as it might have been, or at least that the warrant might have been resolving doubt in favor of the investigation, but that, in fact, there was complete exoneration. Other than that, putting someone back in a job, again, handling the funds, all of the things that caused the investigation in the first place, seems to suggest that the equities here weigh more on the side of exoneration than that there was, in fact, colorable evidence to start with. Your Honor, that is a reasonable position to take. But also, when we look at this case, we have to look at it from the action of the decision maker at the time they made the decision. No one is saying that that decision was wrong. All she says is that now that there's been exoneration, I should not be docked six months' worth of pay or seven months. Your Honor, the statute allows the agency to indefinitely suspend someone who is under criminal investigation, as in this case. The statute also provides or does not go on to say that if the individual is later exonerated, they're entitled to back pay. That is not what the standard is. The standard is that if the indefinite suspension was properly taken and the individual is later restored to duty, then it's within the discretion of the agency as to whether or not to award back pay. The agency felt that the facts of the investigation were such that they had no decision but to indefinitely suspend her during the pendency of the investigation. And we don't know, and the evidence is not in the record, as to why the prosecution was declined. But presumably, the act of declination did not cast serious, if you will, aspersions on the initial act of the investigation. Therefore, it was proper for the agency not to restore her with back pay. They did restore her prospectively. And there is no question they did not take any adverse action based upon the indefinite suspension. Therefore, the agency's actions were proper. And the government's position is that they weren't invoking the crime provision when they initially did this? In other words, as Judge Rader pointed out, I mean, they don't have to establish reasonable cause. They just have to go with the substantial evidence for efficiency of the service? That's correct, Your Honor. When we look at the particular provision, 5 U.S.C. 7513A, it states that the agency can take any adverse action under this subchapter provided they follow the procedural guidelines. The crux of the procedural guidelines are such that the agency can take an adverse action, such as an indefinite suspension, for such causes will promote the efficiency of the service. To promote the efficiency of the service or to demonstrate that cause, the agency has to show that there is a nexus between the alleged criminal investigation conduct with the efficiency of the service. And as I said earlier, Your Honor, we have a voucher examiner who is responsible for collecting and dispersing funds. And we have that same individual under investigation for crimes of honesty and integrity dealing with financial matters. The agency could not, could not, let her remain in position. That's not at issue. That's not the question. The question is when she was exonerated, which we have to assume because she was returned to the same position, that at that point, her entitlement not to have been docked this pay comes to pass. It wasn't whether the initial investigation was properly instituted. Isn't that right? As long as the suspension is proper, the reimbursement of pay is wholly discretionary. Am I correct on that? That's my understanding, Your Honor. It's wholly discretionary. Correct, Your Honor. We'd have to find an abuse of discretion or something even higher in order to overturn that decision, wouldn't we? Yes, Your Honor. And, Your Honor, I think if you look at the case that was cited earlier, Jones v. Department of the Navy, I think it also stands for that proposition. In the Jones case, we had individuals who were suspended for a period of 14 months and they were later returned to duty. And this court upheld the fact that they were not entitled to back pay because the initial act of the suspension was proper. And that is, Your Honor, that is along with looking at the end result. But it's discretionary, so it turns entirely on the particular facts of the case, does it not? As to whether or not there was an abuse of the discretion, whether the action of refusing the back pay was arbitrary. Other than that, if a person is returned to work for other reasons, the weight of the case, as I understand it, is to make that person whole. You are correct, Your Honor, in the sense that when we look at the initial act of the suspension based upon an executed search warrant in her home and in her federal office, and we look at the fact that later there was a declination of prosecution, the fact that the investigation was open to begin with was based upon enough evidence to believe that she was involved in criminal activity. The agency could not take the risk that they would have a person who was under investigation that could possibly be printed to investigation. There's no dispute about that, right? The issue isn't really whether she was properly suspended. The issue is what her remedy is when she's returned to work in the same job, which suggests, although we don't know the facts, which suggests that it wasn't even close, perhaps they might have returned her to some other position, not handling the funds. Your Honor, I understand your point regarding the discretion of the agency. When we look at discretion, we look at it as a balancing act versus the returning or restoring the back pay versus the reasons why the agency took the action in the first place. And it's a balancing act that is struck with the discretion of the agency. And the record in this case is devoid of the fact that it suggests that the agency abused its discretion or otherwise was arbitrary and capricious in not restoring her with back pay. And as the judge below, the administrative judge below, found that, as Your Honor has recognized, there is no dispute that she was properly suspended. Given that she was properly suspended, the law in this circuit is that it's discretionary with the agency. Well, let me just ask you about that. I'm getting a little confused here in the conversation because just because the agency has discretion to decide under these, if we work to conclude that the agency has discretion, in other words, it had established that it didn't have to pay her and it can decide. Can we review that then for an abuse of discretion? Do we have jurisdiction to review a discretionary decision by the agency in that regard? Your Honor, when we look at the jurisdictional aspects of this case, it's based upon a decision from the Merit Systems Protection Board. So we are looking at the administrative judge's decision to determine whether or not it was arbitrary, capricious, not in accordance with law, or otherwise not without substantial evidence. That is the standard that is before this court. There was no allegation that the agency abused its discretion in terms of not restoring her to back pay. In fact, in Ms. Lincoln-Scott's reply brief, they concede that if this suspension was proper, then she is not necessarily entitled to back pay. So in answer to your question, Your Honor, this court should not look at the abuse of discretion because it's not properly before this court. I thought you just told us that it was arbitrary, capricious, not in accordance with law. Whether an action is arbitrary, isn't that a matter of discretion? Your Honor, the action that the Merit Systems Protection Board concerned was the action of indefinite suspension. They looked at whether or not it was proper and in accordance with law. That is the decision that is before this court. The decision as to whether or not the agency abuses discretion in not restoring her with back pay is not squarely before this court in that it was not part of the record below. Anything else you need to tell us? No, Your Honor. Subject to any further questions, this concludes my remarks. And we urge that this court affirm the decision below and find that the agency and the administrative judge were correct in finding that the indefinite suspension was proper. Thank you, Mr. Austin. Mr. Brewer. I submit that there was an abuse of discretion. There have been many, but the one that stands out and which this court could take cognizance of is by the administrative judge. The suspension, the record is indelible. She was suspended because she was under investigation. The administrative judge held, however, that the suspension was based on a showing by the agency of a reasonable basis to believe that a crime had been committed for which incarceration was not. You didn't even brief the abuse of discretion issue because it really isn't before us, right? You're only briefing whether or not you can establish reasonable cause to believe that there was a crime committed, which may or may not be the standard at all since they probably only had to prove efficiency of the service, right? But she certainly didn't present to us an abuse of discretion. I did not write that, Your Honor. As I say, we're here with a record that is less than I would have made it had I been. Sure. But I think the court can take that into consideration. I think it's so egregious. This court in James v. Dale went over that and decided in that decision, the majority at least, decided O'Keefe v. Postal Service for the idea that you can't change horses in midstream. The agency is stuck with the reasoning that they suspended their employee throughout the proceedings. That's not what happened here, and that's wrong. This is a balancing act. The agency is entitled to not have employees who are criminals. We've got no problem with that. But they never showed that insofar as the petition is concerned. They never alleged a single fact, not a single act, which would link her to crime. This whole proceeding is based on innuendo, rumor, speculation, and ex parte communication, and that is wrong. It's not humanitarian, and it's not the law we submitted. We ask that you reverse it. Thank you. Thank you, Mr. Brewer and Mr. Austin. The case is taken under submission.